United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20915
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARINO BELALCAZAR-SOLARTE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-48-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Marino Belalcazar-Solarte ("Belalcazar") appeals the
41-month sentence imposed following his plea of guilty to a
charge of being found in the United States after deportation, a
violation of 8 U.S.C. § 1326.  Finding no error, we affirm the
district court's judgment.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Belalcazar contends that his prior state felony conviction for possession of a controlled substance is not an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B).  He concedes that his argument is foreclosed by this court's decision in United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002) (holding that possession of a controlled substance is an "aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2 (2001)), petition for cert. filed, (U.S. Mar. 19, 2003) (No. 02-9747), and raises the issue only to preserve it for possible Supreme Court review.

Belalcazar also argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.  He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 490; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Belalcazar's argument is foreclosed.

AFFIRMED.